OPINION
DESMOND, Justice.
This is an appeal of an October 10, 2002 Order for eviction and payment of monies due, entered by Tribal Trial Court Judge Gary Acevedo in favor of Appellee Lewis McLeod and against Appellant Kevin Du-puis. Appellee McLeod is a member of the Confederated Salish and Kootenai Tribes. Appellant Dupuis is a tribal descendant. The parties represented themselves both in their pleadings and at oral argument. The Tribal Trial Court is affirmed in accordance with the following. The case is remanded to the Tribal trial Court for re-calculation of the amount due from Appellant Dupuis to Appellee McLeod.
On August 26, 2002, Appellee McLeod filed a Complaint for Eviction and Request for Order of Preservation against Appellant Dupuis. The Complaint was served on Appellant Dupuis on August 27, 2002. The Complaint requested . payment of a total of $1213.50 in unpaid rent and late fees, eviction of Appellant Dupuis from Appellee’s property located at 5307 Whispering Pines Drive in Ronan, (within the exterior boundaries of the Flathead Reservation), payment for any damages found after inspection of the property, (out of a $500 damage deposit), and for other relief, “deemed appropriate under the circumstances.” Complaint, page 3.
- The Complaint alleged that as of August 23, 2002, Appellant Dupuis’s total unpaid rent was $500 and that late fees of $713.50 had accrued at the rate of $12.50 per day. In addition to the unpaid rent and late fees claimed, an August 28, 2002 Statement of Fees filed by Appellee McLeod included the Costs of filing and service of process as well as $164.80 for an unpaid electric bill. Appellant Dupuis did not respond to the Complaint.
On October 10, 2002, Appellee McLeod filed an Amended Complaint both clarifying the basis of his money claim and seeking additional damages for continued unpaid rent and late fees as well as $377.87 for repairs referred to in the original Complaint and now performed. The court entered default judgment on that day in the amount of $2153.67. On October 28, 2002, Appellant Dupuis filed a Notice of Appeal to the Court of Appeals.
Appellant Dupuis contends that this lawsuit is in part based on a lease that is no longer in effect, since it expired on its own terms as of December 4, 2001. Appellant Dupuis also appears to argue that some of the increased amount requested in the Amended Complaint is not substantiated. Appellee McLeod essentially contends that his actions were reasonable and in accordance with the law. The parties’ briefs and oral arguments also address the facts leading up to this lawsuit and present opposing views on some of those facts.
The parties represented themselves, as is their right by custom and under § 1-2-506, CSKT Laws Codified. This Court has analyzed the parties’ pleadings and arguments and determined that the following are the issues properly on appeal:
(1) Did the Tribal Trial Court err by exercising jurisdiction over this mal - ter?
(2) Did the Tribal Trial Court err by Ordering that Appellant Dupuis be evicted from the premises located at 5307 Whispering Pines Drive, Ro-nan?
(3) Did the Tribal Court err by Ordering that Appellant Dupuis pay *105 $2,153.67, to Appellee McLeod when that amount is composed of unpaid rent, late fees, cost of repair to the premises, court costs and an unpaid utility bill?
1. JURISDICTION
The Tribal Trial Court did not err in exercising jurisdiction over this proceeding. Article I, Territory, of the Confederated Salish and Kootenai Tribes provides that the Tribes’ jurisdiction “shall extend to the territory within the original confines of the Flathead Reservation as defined in the Treaty of July 16, 1855” as well as to other lands not relevant to this proceeding. Section 2-1-104, Civil Jurisdiction, CSKT Laws Codified provides in relevant part:
(1) The Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation, Montana, shall have jurisdiction over all suits wherein the parties are subject to the jurisdiction of this Court....
(2) To the fullest extent possible, not inconsistent with federal law, the Tribes may exercise their civil, regulatory, and adjudicatory powers. To the fullest extent possible, not inconsistent with federal law, the Tribal Court may exercise subject matter and personal jurisdiction. The jurisdiction over all persons of the Tribal Court may extend to and include, but not by way of limitation, the following:
(a) All persons found within the Reservation.
(b) All persons subject to the jurisdiction of the Tribal Court and involved directly or indirectly in:
[[Image here]]
(ii) The ownership, use or possession of any property, or interest therein, situated within the Reservation;
(iii) The entering into of any type of contract within the Reservation or wherein any aspect of any eontraet is performed within the Reservation.
Thus, under this governing law, the Tribal Trial Court had both personal and subject matter jurisdiction over this proceeding. At the time the lawsuit was filed, both parties resided on the reservation. As indicated above, the leased property is located within the exterior boundaries of the reservation. The dispute arises from the lease of that property and concerns the use of the property.
2. The Eviction Order
The Tribal Trial Court did not err by ordering that Appellant Dupuis be evicted from the premises located at 5307 Whispering Pines Drive, Ronan. The Complaint was filed in accordance with Title 1, Chapter 2, Part 7, Rule 8, CSKT Laws Codified. A summons was issued on August 26, 2002, in accordance with Rule 8. The Complaint and Summons were served on Appellant Dupuis in accordance with Title 1, Chapter 2, Part 7, Rule 9, CSKT Laws Codified. The Summons and Order of Preservation clearly states that Appellant Dupuis had ten working days to respond to the Complaint. The Summons further and clearly stated that if Appellant Dupuis did not respond to the Complaint within ten working days, Appellee McLeod would be granted an Order of eviction and the other relief he had requested in the Complaint. Despite this clear notice, Appellant Dupuis did not respond to the Complaint. The Summons states that if, “you disagree with; anything in the Complaint and. want the Court to hear your side of the case, you must write your answer and. file it with the Court .. .’’ Despite this understandable and unambigu *106 ous notice to Appellant Dupuis, he did not respond to the Complaint within the thirty working days that elapsed before Appellee McLeod sought , the Order of eviction on October 10, 2002. ■„
Had Appellant Dupuis filed an answer, he might have raised the question of the validity of the lease agreement the parties entered into on December 5, 2000 for a period of one year, to December 4, 2001 as he did on appeal. He would not have prevailed on this argument. The general rule in this situation is that when a tenant remains on the premises after the expiration of a written lease when rent is payable monthly, the tenancy is converted into month by month tenancy under that same conditions as were in force under the lease. Certainly Appellant Dupuis, since he continued to pay rent, did not argue that the expiration of the lease relieved him of the duty to pay monthly rent. Nor did he appear to be arguing that the eviction Order itself was a violation of the law or his rights. He does seem to disagree with the basis for some of the payment he has been ordered to make. This will be addressed in Part 3 of this Opinion.
Appellant Dupuis has not presented any reasons that he was incapable of responding to the Complaint. His own pleadings and statements at oral argument indicate that he is quite able to present his arguments to the Court. Since Appellant Du-puis chose not to respond to the Complaint although he received notice of the consequences of doing so, and since the required legal steps leading up to the Order of eviction were followed, the Court’s Order of eviction should be affirmed.
3. The Money Judgment
 The Tribal Court did not en by Ordering that Appellant Dupuis pay Ap-pellee McLeod unpaid rent, cost of repair to the premises, court costs and an unpaid utility bill. These items were included in the Complaint and amended Complaint. The basis for the actual amounts requested was set forth in supporting documents and the amounts were reasonable. Therefore, the Tribal Trial Court’s ruling on those amounts was correct and is affirmed.[1]
The.late fees, however, are not reasonable under the law and should not be allowed. Section 4-2-202, CSKT Laws Codified, Right to compensatory damages states in part, “Damages must be reasonable.” Section 4-2-206, CSKT Laws Codified, states in part,
(1) no person can recover a greater amount in damages for the breach of an obligation that he could have gained by the full performance thereof by both sides ...
[[Image here]]
(3)For breach of contract, the measure of damages, except when otherwise provided by law, is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom.
When the penalty for failure to comply with an agreement is far in excess of any provable damages, some jurisdictions call the provision an unenforceable penalty *107 clause. While the Confederated Salish and Kootenai Tribal Council has not adopted a specific provision in this regard, it has adopted provisions requiring that damages must be reasonable and must be set at an amount that will fully, but not overly compensate the aggrieved party. Appellee McLeod is entitled to compensation for lost or delayed income. But a late fee of $12.50 per day on a monthly rent of five hundred dollars is applying an interest rate of approximately 912%, which is far in excess of the current rate of borrowing money.
Appellee Mdeod’s statements at oral argument showed that he believed that his request for late fees was allowable under the law. This decision should not be interpreted as a personal criticism of Appellee McLeod or of his good faith in seeking what he believed to be allowed under the law.
Therefore, the decision of the Tribal Trial Court is affirmed, with the exception of the calculation of the money due to Appel-lee McLeod from Appellant Dupuis under the Court’s Order.
IT IS HEREBY ORDERED that this proceeding is remanded to the Tribal Trial Court for the purpose of calculating what level of late fee can be assessed under sections 4-2-202, and 4-2206, CSKT Laws Codified.
IT IS FURTHER ORDERED that the Order of November 22, 2003 granting a stay of the Tribal Trial Court’s writ of garnishment is vacated.
Associate Justice HALL, Associate Justice EAKIN concur.

. The Original Complaint did not specify that the damages for repair to the property totaled $377.87. The Court's October 10, 2002 Order, entered the same day as Complaint was amended to include the $377.87, added that amount to the total judgment due from Appellant Dupuis. The better practice would have been to give Appellant the opportunity to respond to the specific figure in the Amended Complaint. However, since Appellant was on notice from the time the original Complaint was filed that repair costs were sought and because Appellant did not raise this issue, any error is harmless.